Case 1:09-cv-03576 Document 23 Filed 02/16/10 Page 1 of 6



# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOZETTE GREENFIELD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 09 C 3576 |
| KLUEVER AND PLATT, LLC, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., DB STRUCTURED PRODUCTS, INC., & GREEN TREE SERVICING, LLC, | ) ) The Honorable William J. Hibbler ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

In her complaint, *pro se* Plaintiff Jozette Greenfield alleges that Defendants filed a foreclosure action against her in state court on March 9, 2007, despite the fact that the underlying mortgage and note had not been assigned to Defendants. She claims that, in doing so, Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (FDCPA). Defendants move to dismiss Greenfield's complaint, arguing that it is time-barred and that Greenfield lacks standing. For the reasons stated below, the Court DENIES Defendants' motion without prejudice. Furthermore, because the Court finds that the issues presented by this case are somewhat complex, and that Greenfield would benefit from the assistance of counsel, the Court GRANTS Greenfield's motion for appointment of counsel.

### I. Standard of review

Motions to dismiss test the sufficiency, not the merits, of the case. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a motion to dismiss under federal

1

notice pleading, a plaintiff must "provide the grounds of his entitlement to relief" by alleging "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) (internal quotation marks, brackets, and citation omitted). Specific facts are not necessary. *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007). The Court treats well-pleaded allegations as true, and draws all reasonable inferences in the plaintiff's favor. *Disability Rights Wisc., Inc. v. Walworth County Bd. Of Supervisors*, 522 F.3d 796, 799 (7th Cir. 2008). While courts usually only consider the contents of the complaint on a Rule 12(b)(6) motion, a court may also take judicial notice of matters of public record, such as court documents, without converting the motion into a motion for summary judgment. *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

## II. Timeliness

Defendants' first argument is that Greenfield has failed to comply with the FDCPA's one-year statute of limitations because she filed this suit on June 12, 2009, more than a year after the Defendants committed the alleged violation by filing the foreclosure action. *See* 15 U.S.C. § 1692k(d). Defendants persist in asserting that the limitations period has run in the face of Greenfield's contentions that she did not receive notice of the foreclosure action, and had no knowledge of the action, until long after it was filed. Defendants argue that Greenfield's knowledge of the suit is irrelevant because the FDCPA does not provide for a "general discovery" rule that would start the limitations period running as of the date that Greenfield knew or had reason to know of the violation. In support of this argument, Defendants cite to *Cooper v. F.A. Management Solutions, Inc.*, No. 8:06-CV-751-T-27MAP, 2007 WL 4326800, *4

(M.D. Fla. Dec. 7, 2007), where the court refused to apply a general discovery rule under the FDCPA.

The *Cooper* court relied on Supreme Court precedent for the proposition that "[i]n the absence of an express general discovery rule, a judicial implication of a general discovery rule is precluded." *Id.* (citing *TRW Inc. v. Andrews*, 534 U.S. 19, 27-28, 122 S. Ct. 441, 447, 151 L. Ed. 2d 339 (2001). However, *TRW*, the case cited in *Cooper*, does not directly support this proposition. In fact, in *TRW*, the Court observed that "lower federal courts generally apply a discovery accrual rule when a statute is silent on the issue." 534 U.S. at 27, 122 S. Ct. at 447 (internal quotation omitted). And while the Court noted that it had not adopted the position as its own, nowhere in the opinion did the Court overrule the doctrine either. *Id.* Instead, the Court declined to imply a general discovery rule in *TRW* because the statute at issue was not "silent on the issue," but in fact "addresse[d] the precise question" and "evince[d] Congress' intent to preclude judicial implication of a discovery rule." *Id.* The same is not true of the FDCPA, which is in fact silent on the issue. *See* 15 U.S.C. § 1692k(d). Thus, because the Seventh Circuit, like most federal courts of appeals, applies a discovery rule in cases such as these, *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450 (7th Cir. 1990), Greenfield's suit does not appear to fall outside of the limitations period.

### III. Standing

Defendants' second argument is that Greenfield lacks standing in this case because she filed for Chapter 13 bankruptcy on June 12, 2009, the same day she filed this suit. Without converting this motion into a summary judgment motion, the Court has decided to take judicial notice of the court documents from Greenfield's bankruptcy case that Defendant's attach to their briefs. Defendants argue that all of Greenfield's claims became property of the bankruptcy

3

estate when she filed for bankruptcy. *See In re Yonikus*, 996 F.2d 866, 869 (7th Cir. 1993) ("virtually all property of the debtor at [the time of filing] becomes property of the bankruptcy estate"). They also point out that Greenfield failed to schedule her FDCPA claims in her list of personal property filed with the Bankruptcy Court. Thus, they argue, the claims were not abandoned by the bankruptcy trustee and the trustee remains the real party in interest even after the closing of the bankruptcy case. *See* 11 U.S.C. § 554(d); *see also Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268, 1272 (11th Cir. 2004).

This case is distinguishable from those cited by Defendants, however. Greenfield, appearing *pro se* just as she has thus far in the instant case, voluntarily dismissed her bankruptcy case on July 23, 2009, six weeks after she filed it, as it was her statutory right to do. *See* 11 U.S.C. § 1307(b). This district court has allowed at least one case like this one, where a debtor voluntarily dismissed a Chapter 13 bankruptcy and then pursued unscheduled claims, to proceed. *See Elliott v. ITT Corp.*, 150 B.R. 36, 40 (N.D. Ill. 1992). While the court in *Elliott* was not presented with the standing argument Defendants present here, the logic of the case applies here as well.

The *Elliott* court declined to give *res judicata* effect to the confirmed bankruptcy plan because the bankruptcy case was later voluntarily dismissed. *Id.* The Court held that "[o]nce a debtor dismisses the action, the confirmation of the plan is vacated...[and] it no longer has any binding effect on either party." *Id.* Similarly, because Greenfield dismissed her bankruptcy case, she did not leave behind a bankruptcy estate to retain possession of her claims for the benefit of her creditors. That case has no binding effect on Greenfield or Defendants. Thus, it would be unreasonable to find that she no longer has standing to pursue this lawsuit.

4

The *Elliott* court also declined to apply the doctrine of judicial estoppel because there was no concern that the plaintiff was benefitting from his failure to schedule his claims. *Id.* When she voluntarily dismissed her case, Greenfield also forfeited the possibility of obtaining discharge of her debts. Thus, Greenfield did not obtain the benefits of withholding information from the bankruptcy court so that she could later pursue her claims here without the responsibility of repaying her creditors. In fact, Greenfield states that she dismissed her bankruptcy case because the bankruptcy court "ordered [her] to continue her complaint" in this case. While it is not entirely clear what direction the bankruptcy court may have given Greenfield, the filings of *pro se* litigants are to be construed liberally, *see, e.g., Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009), and this statement implies that she may have actually made the bankruptcy court aware of her FDCPA claims at some point. On the basis of the information now before the Court, it appears that Greenfield may have abandoned her bankruptcy case as soon as she realized that she could not pursue both cases simultaneously and that the instant case might make declaring bankruptcy unnecessary. This would put Greenfield in a very different position than the litigant for whom the doctrine of judicial estoppel is designed – one who is "playing fast and loose with the courts." *See Matter of Cassidy*, 892 F.2d 637, 641 (7th Cir. 1990); *see also Elliott*, 150 B.R. at 40. Thus, it would also be inequitable to prohibit Greenfield from pursuing her claims.

The Court therefore denies Defendants' motion.

## IV. Appointment of Counsel

The Court recognizes that the issues presented by this case are now relatively complex. Thus, the Court grants Greenfield's motion for appointment of counsel. The Court also notes that its ruling on Defendants' motion to dismiss relies in part on Greenfield's analysis and

characterization of earlier proceedings, which she makes without the benefit of counsel. Thus, the Court denies Defendants' motion without prejudice, recognizing that Defendants may wish to file a motion, taking the Court's opinion into account, after Greenfield's appointed counsel has had a chance to review the record.

## CONCLUSION

For the above reasons, the Court DENIES Defendants' motion to dismiss without prejudice, and GRANTS Plaintiff's motion for appointment of counsel.

IT IS SO ORDERED.

2/16/10
Dated

Hon. William J. Hibbler
United States District Court