Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 3576 | **DATE** | 6/10/2011 |
| **CASE TITLE** | JOZETTE GREENFIELD vs. KLUEVER AND PLATT, LLC, et al. | | |

**DOCKET ENTRY TEXT:**

The Court DENIES Defendants' motion to dismiss [38]. Defendants to answer or otherwise plead by June 24, 2011. Status hearing set for August 10, 2011 at 9:30 a.m.

■[For further details see text below.]                                      Docketing to mail notice.

---

## STATEMENT

Plaintiff Jozette Greenfield brings her claims pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.* Defendants now move for the second time to dismiss Greenfield's complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Court denied Defendants' previous motion to dismiss without prejudice. For the following reasons, the Court denies the instant motion to dismiss as well.

Motions to dismiss test the sufficiency, not the merits, of the case. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a motion to dismiss under federal notice pleading, a plaintiff must "provide the grounds of his entitlement to relief" by alleging "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) (internal quotation marks, brackets, and citation omitted). Specific facts are not necessary. *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007). The Court treats well-pleaded allegations as true, and draws all reasonable inferences in the plaintiff's favor. *Disability Rights Wisc., Inc. v. Walworth County Bd. of Supervisors*, 522 F.3d 796, 799 (7th Cir. 2008). While courts usually only consider the contents of the complaint on a Rule 12(b)(6) motion, a court may also take judicial notice of matters of public record, such as court documents, without converting the motion into a motion for summary judgment. *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

Defendants previously moved to dismiss Greenfield's complaint based on a lack of standing, among other things. Defendants argued that because Greenfield had not disclosed this suit when she simultaneously filed for bankruptcy, only the bankruptcy trustee had standing to bring the suit. The Court rejected the argument, noting that Greenfield had voluntarily dismissed her bankruptcy proceedings prior to discharge, and

that, as a result, there was no longer a bankruptcy estate to retain the rights to her suit. In doing so, the Court also briefly addressed the question of whether the doctrine of judicial estoppel would bar Greenfield's claim. The Court noted that because Greenfield had voluntarily dismissed her bankruptcy petition before discharging her debts, she did not seem to have obtained any benefits from omitting her claim from her petition, and that the doctrine of judicial estoppel would not apply. *See Elliott v. ITT Corp.*, 150 B.R. 36, 40 (N.D. Ill. 1992). The Court also noted that Greenfield's response suggested that she may have actually made the bankruptcy court aware of her FDCPA claims at some point because she stated that the court had given her some direction regarding how to proceed with the instant suit. However, the Court recognized the possibility that more information regarding the bankruptcy proceedings could provide a basis for dismissing the case, and denied Defendants' motion without prejudice.

Defendants now move the Court to dismiss based on the doctrine of judicial estoppel. They argue that even without obtaining discharge, Greenfield benefitted from omitting this claim from her disclosures when she filed for bankruptcy because her bankruptcy petition triggered an automatic stay, *see* 11 U.S.C. § 362(a), that held the foreclosure proceedings against her in abeyance for the three months prior to her voluntary dismissal. Defendants note that the Seventh Circuit has previously applied the doctrine of judicial estoppel to bar undisclosed claims by a bankruptcy petitioner who did not obtain discharge but did receive the benefit of a 20-month stay during the pendency of his bankruptcy proceedings that allowed him to maintain his assets and hold creditors at bay. *Williams v. Hainje*, 375 Fed. Appx. 625, 627 (7th Cir. 2010).

Greenfield's case differs from *Williams* in a few important ways, however. First, while the district court in *Williams* found that the plaintiff in that case had intentionally concealed his lawsuit during his bankruptcy proceedings, the Court cannot make the same conclusion here at the pleadings stage. This is especially true given that Greenfield pursued bankruptcy without the benefit of counsel. Second, the benefits obtained by the plaintiff in *Williams* were far more significant than the benefit to Greenfield, which was at most a three-month delay on her foreclosure. This is important since judicial estoppel is a matter of discretion. *Commonwealth Ins. Co. v. Titan Tire Corp.*, 398 F.3d 879, 887 (7th Cir. 2004).

Finally, Defendants seem to ignore a crucial fact the Court noted in its previous opinion: that Greenfield may have actually notified the bankruptcy court of her FDCPA claims at some point. Making all reasonable inferences in Greenfield's favor, and construing her pleadings liberally as she is proceeding *pro se*, the Court reads Greenfield's assertion that the bankruptcy court "ordered [her] to continue her complaint" to mean that at some point during the proceedings she disclosed this claim. Such a disclosure can render the doctrine of judicial estoppel inapplicable even if Greenfield made it orally. *See Matthews v. Potter*, 316 Fed. Appx. 518, 522 (7th Cir. 2009) (citing *Eubanks v. CBSK Fin. Group, Inc.*, 385 F.3d 894, 898 & n.1 (6th Cir. 2004)). It certainly undermines Defendants' presumption that Greenfield intentionally concealed this claim from the bankruptcy court. Thus, at least at this stage of the proceedings, the Court sees no reason to apply the doctrine and denies Defendants' motion.

*Wm. J. Hibbler*